UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOSTAFA MASOMI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| | ) 18-10058-FDS |
| MEHRANDOKHT MADADI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons set forth below, this action will be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject-matter jurisdiction.

### I. Background

In this action, *pro se* plaintiff Mostafa Masomi seeks to have this court to alter or overturn decisions of the Massachusetts state courts relating to his divorce. The named defendants are his attorney, his former wife, and her attorney. Based upon the allegations in the complaint, all parties appear to be residents of Massachusetts. Plaintiff contends that the defendants deprived him of his constitutional rights, apparently in the course of his divorce proceedings.

Plaintiff filed this action after his unsuccessful appeal to the Massachusetts Appeals Court, *Masomi v. Madadi*, No. 16-P-1718, 92 Mass. App. Ct. 1107, 2017 WL 4364379 (Mass. App. Ct. Oct. 3, 2017) (unpublished table disposition), and the Supreme Judicial Court's denial

of his application for further appellate review on November 30, 2017. *See Masomi v. Madadi*, 478 Mass. 1106, 2017 WL 6047067 (Mass. 2017) (table).

## II. The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction *sua sponte*." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011).

A *pro se* complaint is subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the complaint fails to include any basis upon which this Court could exercise its jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). All parties are alleged to reside in Massachusetts, and the claim, therefore, is clearly not within the Court's diversity jurisdiction.

Pursuant to 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The complaint purports to assert a claim based on the United States Constitution. However, the court is without subject-matter jurisdiction over claims relating to plaintiff's divorce proceedings, among other reasons, under the *Rooker-Feldman* doctrine. *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 467 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Under the *Rooker-Feldman* doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state

court judgments." *Littler v. Massachusetts*, No. 17-11277-RGS, 2017 WL 3495173, at *4 (D. Mass. Aug. 14, 2017). "Thus, even if the challenge is that the state court's action was unconstitutional, this court may not review the challenge." *Id.* (citing *Feldman*, 460 U.S. at 485–86). "The *Rooker-Feldman* doctrine is properly applied where, regardless of how the claim is phrased, the only real injury to . . . [Plaintiff] . . . is ultimately still caused by a state-court judgment." *DuLaurence v. Telegen*, 94 F. Supp. 3d 73, 80 (D. Mass. 2015), *aff'd sub nom. Dulaurence v. Telegen et al.* (May 5, 2015) (citations and quotations omitted.). The complaint concerns plaintiff's divorce proceedings and he seeks to have this court review the state court's judgment and orders. The claims are therefore subject to dismissal based upon the *Rooker-Feldman* doctrine.[1]

In summary, it is clear that subject-matter jurisdiction is lacking, and dismissal is appropriate.

## III. Conclusion

For the foregoing reasons, this action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject-matter jurisdiction. The clerk shall enter a separate order of dismissal.

**So Ordered.**

Dated: March 1, 2018

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

---

[1] In addition, this matter may fall within domestic relations exception to federal jurisdiction. "This exception prohibits federal courts from issuing or altering 'divorce, alimony, and child custody decrees.'" *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). The courts are divided as to whether the doctrine is limited to diversity claims, and the First Circuit has not decided the issue. *Id.*

3